[No. 15031.  Department Two.—June 26, 1894.]

## LLOYD TEVIS ET AL., TRUSTEES, ETC., RESPONDENTS, *v.* C. C. BUTLER, TRUSTEE, ETC., APPELLANT.

REMOVAL OF TRUSTEE—WAIVER OF FINDINGS—DISCRETION—REVIEW UPON
APPEAL.—In an action to remove a trustee of a corporation, upon the
ground that he had violated his trust, and was unfit to execute the
trust, where findings are waived and the evidence does not show that
the court below abused its discretion in coming to the conclusion from
the evidence that the defendant should be removed as trustee, its de-
cision will not be reversed upon appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a motion for a new trial.

The facts are stated in the opinion of the court.

*Arthur Rodgers*, for Appellant.

*Pillsbury, Blanding & Hayne*, and *Pillsbury & Hayne*,
for Respondents.

McFARLAND, J.—This is an action brought by three
trustees to obtain a judgment for the removal of defend-
ant as a fourth trustee. Judgment went for plaintiffs,
and defendant appeals from the judgment and from an
order denying a motion for a new trial.

A corporation called the San Francisco and Point
Lobos Road Company went out of existence in 1882 by
expiration of the term of its charter; and, by the stat-
ute under which it was organized, its directors, at the
time of its dissolution, became trustees for the purpose
of collecting and paying its debts, settling all its affairs,
and dividing its assets among its stockholders. (Stats.

1850–53, p. 299.) It had five directors, and at the time of its dissolution the directors were the three plaintiffs, and the defendant herein and one Alpheus Bull, who died before the commencement of this action. In the complaint, certain acts and conduct of the appellant are alleged, which, it is contended by respondents, constituted a violation by appellant of the trust, and show his unfitness to execute it; and this action was brought to have him removed under section 2283 of the Civil Code, which provides that "the superior court may remove any trustee who has violated or is unfit to execute the trust."

Findings were waived, and the court entered two decrees. The first decreed that appellant be removed as trustee, and that he account for any moneys and property in his hands; and the second, after reciting the first decree, and also the fact that a referee had been appointed to take an account of the moneys, etc., in appellant's hands, and had made his report, confirmed said report and the former decree, and again decreed that said appellant be removed as trustee, etc., and that he pay over a certain sum of money found to be due, and also deliver a safe and certain books of account. Appellant appeals from both judgments.

Appellant contends for a reversal upon the ground that the evidence is insufficient to sustain the judgment, and argues that it is insufficient to show either that he violated the trust, or that he is unfit to execute it. As findings were waived, and no facts were found, a discussion of the question whether the evidence, upon any theory, was sufficient to sustain the judgment, would open a wide field of inquiry, and would make necessary a statement of nearly all of the testimony. We do not deem it needful to enter upon that discussion here; nor do we think that it would subserve any useful purpose to state what facts may be considered sufficiently proved, or to detail the evidence tending to prove them. It is sufficient to say that we have carefully examined the evidence contained in the transcript, and that, in our

opinion, the court below did not abuse its discretion in coming to the conclusion, from the evidence, that the appellant should be removed as trustee. There are no other questions involved in the case. Respondents contend that the first decree was interlocutory, and that the appeal from it should be dismissed; but we apprehend that, in this case, it is of no consequence whether such appeal be dismissed or the judgment affirmed.

The judgment appealed from, and also the order denying the motion for a new trial, are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.